# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 23, 2009

137971

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

LOUIS LAHOOD SARKIS and
PATRIZIA LAHOOD-SARKIS,
      Plaintiffs,

and

ARUNDHATI UMESH,
      Intervening Plaintiff-Appellee,

v

THE CINCINNATI INSURANCE COMPANY,
      Defendant-Appellant.
_____/

SC: 137971
COA: 280860
Oakland CC: 2006-075947-NZ

On order of the Court, the application for leave to appeal the November 13, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J., not participating for the reasons stated in *People v Parsons*, order of the Supreme Court, entered March 6, 2007 (Docket No. 132975).

MARKMAN, J. (*dissenting*).

Arundhati Umesh sustained lacerations to her face when Patrizia Sarkis threw a martini glass into her face. Ms. Sarkis was charged with aggravated assault and pleaded no contest.

Ms. Umesh then sued Ms. Sarkis, alleging that Ms. Sarkis threw the contents of her glass into Ms. Umesh's face after Ms. Umesh accidentally nudged her, and that when Mr. Umesh attempted to separate the two, Ms. Sarkis threw her glass directly into Ms. Umesh's face. Ms. Sarkis asked defendant, her homeowner's insurer, to defend her, but it declined. Ms. Sarkis then sought a declaratory judgment that defendant was obligated to defend her. The trial court granted summary disposition for defendant, ruling that the

incident was not a "covered occurrence" under the terms of the relevant policy and fell within the policy's intentional act exclusion. However, the Court of Appeals reversed because it was unable to conclude that no genuine issue of material fact existed. In particular, the court cited Ms. Sarkis's deposition that her glass "flew out of her hand" and that she "did not know" what happened to the glass.

I would reverse the Court of Appeals judgment and reinstate the order of the trial court. Ms. Sarkis's testimony that her drink glass "flew out of her hand" would seem to contradict most known laws of physics and, in my judgment, constitutes an insufficient basis for proceeding to trial. Rather, in my judgment, the policy's exclusion of coverage for intentional and criminal acts precludes coverage under the instant circumstances. Coverage is precluded where an insured's claim "flies in the face of all reason, common sense and experience." *Auto-Owners Ins Co v Harrington*, 455 Mich 377, 384 (1997) (quotation marks and citations omitted).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 23, 2009

p0616

Clerk